**PUBLIC CITIZEN LITIGATION GROUP**
1600 20TH STREET, N.W.
WASHINGTON, D.C. 20009-1001

(202) 588-1000

Filed
APR 2 2 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

April 21, 2015

Magistrate Judge Howard R. Lloyd
San Jose Courthouse
Courtroom 2 - 5th Floor
280 South 1st Street
San Jose, California 95113

Re: *ThermoLife International LLC v. https://ronkramermusclebeach.wordpress.com*
No. 3:15-cv-01616

Dear Judge Lloyd:

I write to offer to serve as a guardian ad litem for the "domain names" that the plaintiff is trying to seize through this case, of which I learned from *Rebecca Tushnet's 43(B)log*, http://tushnet.blogspot.com/2015/04/thermolife-sues-critics-blog-for.html.

In that regard, I note that both the complaint and the plaintiff's motion for leave to serve the names through alternative service recount the plaintiff's unsuccessful efforts to locate the individual(s) who registered the names. The same individuals presumably authored the highly critical material about the plaintiff that is posted on the blog. It thus seems quite possible that the author(s) will be unaware that plaintiff is trying to suppress their critical speech through this proceeding. It would seem desirable for the determination of the in rem proceeding to be made through adversary proceedings, rather than through ex parte briefing in which only one side of the case is represented, particularly in light of the free speech interests that are implicated by the requested injunction. *See Carroll v. Comm'rs of Princess Anne County*, 393 U.S. 175 (1968).

I have previously been appointed as guardian ad litem in a case where the trial judge, Honorable David Godbey in the Northern District of Texas, was concerned that an order prejudicial to the interests of anonymous Internet users could be entered if there were not a fully fair adversary proceeding. *Mick Haig Prods. E.K. v. Doe*, 687 F.3d 649 (5th Cir. 2012). Moreover, my office, Public Citizen Litigation Group, has special expertise to bring to bear because, assuming that the Internet addresses identified in the complaint are, in fact, domain names subject to a cybersquatting claim under 15 U.S.C. § 1125(d) (a matter that is by no means certain), the complaint's allegation that the domain name violates plaintiff's trademark rights appears to fly in the face of a Ninth Circuit decision that the office litigated pro bono on behalf of an individual who had similarly created a non-commercial web site that criticized the trademark holder. *Bosley Medical Group v. Kremer*, 403 F.3d 672 (9th Cir. 2005). We have also handled a number of pro bono cases in other circuits where courts have held that the use of a trademark in the domain name for a non-commercial web site that

Honorable Howard R. Lloyd
No. 3:15-cv-01616
April 21, 2015
page 2

comments on the trademark holder does not transgress the Lanham Act so long as the underlying web site is not confusing about being sponsored by the trademark holder. *Lamparello v. Falwell*, 420 F.3d 309 (4th Cir. 2005); *Taubman Co. v. Webfeats*, 319 F.3d 770 (6th Cir. 2003). In this district, we recently defended the creator of a critical web site using the trademark holder's name as his domain name in *Recouvreur v. Carreon*, 940 F.Supp.2d 1063, 1070 (N.D. Cal. 2013).

    In the event that the Court decided to appoint me as a guardian ad litem for the "domain names," the Court might decide that no local counsel is required, as did Judge Godbey in the *Mick Haig* case. In the alternative, I have been in touch with Professor Phil Malone, director of the Juelsgaard Intellectual Property and Innovation Clinic at Stanford Law School, about collaborating with him and his students as local counsel or co-counsel in serving as guardian ad litem.

                                            Respectfully yours,

                                            Paul Alan Levy
                                            plevy@citizen.org

cc:    Eric B. Hull, Esquire
        Paul Sieminsky, Esquire