MELINDA M. MORTON, SBN 209373
mindy.morton@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
1020 Marsh Road, Suite 200
Menlo Park, CA  94025
Telephone: 650.645.9000
Facsimile:  619.235.0398

Attorney for Non-Party
AUTOMATTIC INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ThermoLife International, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>https://ronkramermusclebeach.wordpress.com/, an Internet domain name;<br>https://ronkramermusclebeach.wordpress.com/author/musclebeachkramer/, an Internet domain name,<br><br>Defendants. | Case No. CV15-01616 HRL<br><br>**NON-PARTY AUTOMATTIC INC.'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  June 2, 2015<br>Time:  10:00 am<br>Judge:  Magistrate Judge Howard R. Lloyd<br>Ctrm:    2, 5th Fl.<br><br>Complaint filed:  April 8, 2015<br>Trial date:  none set |

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................................ 1

II. ISSUES TO BE DECIDED ........................................................................................................ 3

III. FACTS AND PROCEDURAL BACKGROUND ..................................................................... 3

IV. ARGUMENT ............................................................................................................................. 4

      A.    LEGAL STANDARD ........................................................................................... 4

      B.    AUTOMATTIC IS ENTITLED TO INTERVENE AS OF RIGHT ......................... 5

           1.    AUTOMATTIC'S MOTION IS TIMELY ....................................................... 5

           2.    AUTOMATTIC HAS A "SIGNIFICANTLY PROTECTABLE" INTEREST ........................................................................................................ 6

           3.    AUTOMATTIC'S INTERESTS WOULD BE IMPAIRED OR IMPEDED WITHOUT INTERVENTION ................................................... 8

           4.    AUTOMATTIC'S INTERESTS ARE INADEQUATELY REPRESENTED ............................................................................................ 9

      C.    IN THE ALTERNATIVE, AUTOMATIC IS ENTITLED TO PERMISSIVE INTERVENTION ............................................................................. 10

V. CONCLUSION ......................................................................................................................... 10

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 2, 2015 at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-captioned court located at 280 South First Street, Courtroom 3, Fifth Floor, San Jose, California, Non-Party Automattic Inc. ("Automattic") will and hereby moves for an order permitting it to intervene as a third-party defendant and counter-claim plaintiff pursuant to Federal Rules of Civil Procedure ("Rule") 24.

This Motion is based on this Notice of Motion and Motion, the Declaration of Melinda Morton, and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff ThermoLife International, LLC ("ThermoLife") is upset about a blog authored by a user known as "musclebeachkramer" and hosted by Automattic, found at www.ronkramermusclebeach.wordpress.com (the "Blog.").[1]  Thermolife has pursued the author of the Blog since at least September 3, 2014, when it filed a John Doe complaint in Arizona against musclebeachkramer.  There is no question that the Blog is critical of ThermoLife and Mr. Kramer, but the Blog does not violate the Anticybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d).  Thermolife is concerned with the third level domain ("ronkramermusclebeach"), but only the second level domain ("wordpress") is actionable under the ACPA.

Automattic seeks to intervene as a defendant and counterclaimaint as the owner of the property at the center of this dispute—the domain name "wordpress.com."  This lawsuit adversely affects Automattic's users and its business by misusing the ACPA and by chilling free-speech rights. (Automattic's proposed answer and counterclaim is attached to the Morton Declaration as Ex. A.)  If Automattic is not permitted to intervene, ThermoLife may be able obtain a default judgment without any defense presented to this Court.

ThermoLife seeks an "injunction requiring the domain name registrar to transfer the registration of [the Blog.]" (Complaint, Prayer for Relief, ¶ A.)  This is an impossible task, as the third level domain has never been registered with any domain name registrar.  The ACPA defines a domain name as "any alphanumeric designation which is registered with or assigned by any domain name registrar, domain name registry, or other domain name registration authority." 15 U.S.C. § 1127.  Domain names consist of a top level domain (here, ".com"), and a second level domain (here, "wordpress").  Sometimes domain names include third level, or subdomains (here, "ronkramermusclebeach").  Only "wordpress," the second level domain, is registered with a registry as a domain name—the third level domain is neither registered nor assigned as defined in

---

[1] ThermoLife also seeks an injunction against www.ronkramermusclebeach.wordpress.com/author/musclebeachkramer/.  However, this link simply leads to all posts made by the user "musclebeachkramer." This link is also included in the term "Blog."

1

NON-PARTY AUTOMATTIC INC.'S MOTION TO INTERVENE                                      CV15-01616 HRL
2217800

the ACPA. *See Goforit Entertainment, LLC v. Digimedia.com L.P.,* 750 F. Supp.2d 712, 723 (N.D. Tex., 2010) ("The only part of a web address that must be registered is the second level domain. Establishing a third level domain does not require registration with or assignment by a domain name registration authority.").[2] Automattic found only one case considering the issue of third level domains under the ACPA, and that case held "as a matter of law, third level domain names are not covered by the ACPA." *Goforit Entertainment, LLC v. Digimedia.com,* 750 F. Supp.2d 712, 723 (N.D. Tex., 2010).

ThermoLife attempts to circumvent the case law and legislative history by alleging that Automattic is acting "as 'a domain name authority that … assigned the domain name [at issue]' pursuant to 15 U.S.C. § 1125 (d)." (Complaint, ¶ 10.) However, nowhere in the Complaint does ThermoLife identify what registry Automattic used to register the third-level domain—*because there is no such registration*. ThermoLife's allegation underscores the need for Automattic's intervention: ThermoLife has brought an *in rem* complaint against property owned by Automattic and has further alleged that Automattic has engaged in specific acts as a "domain name authority." Automattic should be allowed to intervene to defend its property as well as its legal position with respect to the domain name. ThermoLife asks this Court to turn the ACPA on its head in a manner that would significantly impact Automattic as well as the many other domain name registrants who use third-level domains.

Finally, even assuming *arguendo* that the third-level domain is actionable under the ACPA, ThermoLife's complaint further circumvents established case law and legislative history because the use of trademarks for purposes of criticism does not violate the ACPA. *See*, e.g., *Lamparello v. Falwell*, 420 F.3d 309, 320 (4thCir. 2005) (use of domain name "fallwell.com" for website criticizing Jerry Falwell did not violate Lanham Act). Automattic's business empowers its users to speak, and chilling speech harms both Automattic and its users. ThermoLife seeks to remove the

---

[2] *See also* 145 Cong. Rec. S14986-03, 1999 WL 1050353 (1999) ("Since registrars only register second level domain names, this definition…, under current registration practice, applies only to second level domain names."); *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 19 (1st Cir. 2001) ("[A]nyone wishing to obtain a second level domain name may, for a fee, enter into a registration agreement with a domain name registrar, thereby acquiring exclusive rights to that second level domain and the ability to create as many third (or higher) level domains as desired under that second level domain.").

2

Blog because it finds the criticism hurtful, but "[t]he point of all speech protection . . . is to shield just those choices of content that in someone's eyes are misguided, or even hurtful." *Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston*, 515 U.S. 557, 574 (1995). Attempts to shut down critical blogs such as this one are contrary to the First Amendment and the ACPA, and Automattic is in the best position to defend these rights, given the millions of users world-wide who engage in protected speech every day. Critical speech should not be chilled.

Automattic should be permitted to intervene in this action because Automattic's motion is timely, Automattic has a protectable interest that would be impaired, and Automattic's rights will not be adequately represented in the action. Automattic is the owner of the domain name at issue ("wordpress.com"), and contrary to established law, ThermoLife has alleged that Automattic is a "domain name authority" in an effort to shoehorn its claim into the ACPA. Automattic also has a strong interest in ensuring that the First Amendment and fair use rights of its users are protected because free speech is the basis of Automattic's business. The Blog user has not appeared, and may never do so, and would be unlikely to protect Automattic's broader interests in this case. In the alternative, Automattic should be allowed to permissively intervene.

**II.  ISSUES TO BE DECIDED**

1.  Should Automattic be permitted to intervene in this Action as a defendant and counter-claimant as a matter of right pursuant to Rule 24?

2.  Should Automattic be permitted to permissively intervene in this Action as a defendant and counter-claimant pursuant to Rule 24?

**III.  FACTS AND PROCEDURAL BACKGROUND**

Automattic operates WordPress.com, a web publishing platform for blogs and websites. Automattic is the owner and registrar of the "wordpress.com" domain name, which is registered through Mark Monitor, Inc. (The "whois" page showing the results for "ronkramermusclebeach.wordpress.com is attached to the Morton Dec. as Ex. B.) The third level domain, "ronkramermusclebeach" is not shown to be registered. (*Id.*) Musclebeachkramer authored the Blog. (The Blog is attached to the Morton Declaration as Ex. C.) ThermoLife filed a John Doe lawsuit in Arizona on September 3, 2014 (the "Arizona Lawsuit") against

3

musclebeachronkramer, and then served a subpoena on Automattic seeking to find musclebeachkramer's identity. In response, Automattic provided the user's email address as well as an IP address. (Morton Dec., ¶ 6.) Following production of this information, ThermoLife's counsel contacted Automattic's counsel in December 2014 and threatened to bring a lawsuit for copyright infringement, trademark infringement, and violation of Automattic's Terms of Service if Automattic did not remove the Blog. (*Id.*) Automattic did not remove the Blog. (*Id.*)

ThermoLife notified Automattic and the wordpress.com registrar, Mark Monitor, Inc., of its intent to file the *in rem* Complaint by letter dated March 10, 2015. (The letter and proposed complaint is attached to the Morton Dec. as Ex. D.) Automattic responded on March 16, 2015, citing case law and legislative history and suggesting that ThermoLife refrain from filing the complaint. (Morton Dec., ¶ 9.) On April 8, 2015, ThermoLife filed the *in rem* Complaint "against the domain names." (Complaint, ¶ 1.) As of the date of this motion, ThermoLife has not served the Complaint on Automattic or otherwise notified Automattic that the Complaint was filed. (Morton Dec., ¶ 10.) Automattic seeks leave to intervene as a defendant and counterclaimant. (*See* Morton Dec. Ex. A.)

## IV. ARGUMENT

### A. LEGAL STANDARD

Rule 24 governs intervention as of right as well as permissive intervention. There are four requirements that must be met to intervene as of right:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interests must be inadequately represented by the parties to the action."

*Wilderness Soc. v. U.S. Forest Serv.,* 630 F.3d 1173, 1177 (9th Cir. 2011) (citations omitted); *see also* Rule 24(a). Although the applicant must meet all four requirements, courts interpret Rule 24 "'broadly in favor of proposed intervenors.'" *U.S. v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (citation omitted). "'A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.'" *Id.* at 397-98 (citation omitted).

4

If an applicant is unable to meet the requirements for intervention as of right, permissive intervention is appropriate if the applicant "has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b). If there is "'(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action,'" the court may grant permissive intervention. *See Freedom from Religion Found, Inc. v. Geithner,* 644 F.3d 836, 843 (9th Cir. 2011) (citation omitted).

### B.   AUTOMATTIC IS ENTITLED TO INTERVENE AS OF RIGHT

Automattic's motion is timely, as the motion is filed less than three weeks after ThermoLife filed the Complaint. Automattic has a significant interest in the Blog and in protecting its users, which may be substantially impaired if Automattic is not permitted to intervene. Further, ThermoLife's allegation that Automattic is a "domain name authority," is contrary to case law and the legislative history of the ACPA. Automattic would be significantly affected if this Court finds in favor of ThermoLife. In addition, Automattic has a significant interest in protecting the First Amendment and fair use rights of its users. Finally, it is quite possible that the Blog author and Automattic's user may not appear, as to date, he or she has chosen to remain anonymous. Further, even if the user appears, Automattic's interests may not be adequately represented.

#### 1.   AUTOMATTIC'S MOTION IS TIMELY

There are three factors considered by courts in the Ninth Circuit to determine whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002). Here, the requirements are easily satisfied. Automatic seeks leave to intervene less than three weeks after the Complaint was filed. The initial case management conference is not scheduled until August 4, 2015. (*See* Docket No. 5.) The Defendant has not been served, and Plaintiff filed a motion for use of alternative service of process on April 16, 2015. (*See* Docket No. 4.) Given the early stage of the case, Automatic's motion is indisputably timely. *See, e.g, Sage Electrochromics, Inc. v. View, Inc.,* Case No. 12-CV-06441-JST, 2013 WL 6139713, *2 (N.D. Cal., November 21, 2013) (finding that seven month delay was acceptable as the case was "still in

its relatively early stages."). Further, there can be no prejudice to plaintiff, as nothing has happened yet in the case and Automattic's proposed answer and counterclaim do not raise issues outside of the ACPA. (*See* Morton Dec., Ex. A.)

### 2. AUTOMATTIC HAS A "SIGNIFICANTLY PROTECTABLE" INTEREST

Automattic also meets the second requirement for intervention as a matter of right: a "'significantly protectable' interest relating to the property or transaction which is the subject of the action." *Wilderness Soc.,* 630 F.3d at 1177. "The requirement of a significant protectable interest is generally satisfied when the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Houston Cas. Company v. Int'l Grand Tours, Inc.,* Case No. C-07-01188-RMW, 2007 WL 4249906, *4 (N.D. Cal., 2007).

Here, Automattic is the owner of the wordpress.com domain name, the only registered domain name at issue in this Action. (*See* Morton Declaration, Ex. C; *see also* Complaint, ¶¶ 7, 23-24.) Therefore, as the owner of the domain name that is the focus of this *in rem* Complaint, Automattic has a legal interest protectable under law. "Interests in property are the most elementary type of right that Rule 24(a) is designed to protect." 7C Charles Alan Wright, *et al., Federal Practice and Procedure* § 1908.1 (3rd ed. 2015) (citation omitted); *see also Arista Records, Inc. v. Dalaba Color Copy Center, Inc.,* Case No. 05-CV03634, 2007 WL 749737, * 5 (E.D.N.Y, Mar. 7, 2007) (finding that intervenor had title to property in dispute and could therefore intervene as of right); *In re Oceana Intern., Inc.* 49 F.R.D. 329, 332 (S.D.N.Y. 1969) (In case granting intervention of right, court stated that "Cap-Roc's interest in the property and transaction is manifest; it has possession of the property and is using it in its production process. Its interest in the transaction is also bottomed on its possessory right; that is, the auction sale's validity will necessarily affect the quality of its title."). Given Automattic's ownership interest in the registered domain name "wordpress.com," Automattic clearly "claims an interest relating to the property or transaction that is the subject of the action." Fed.R. Civ. Proc. 24(a)(2).

Further, ThermoLife alleges that Automattic is a "domain name authority" under the ACPA. (Complaint, ¶ 10.) Automattic denies this allegation and attempt to impose additional

legal duties and requirements. A finding that Automattic is a "domain name authority" would change Automattic's legal relationships with its users and with the governing bodies of the internet such as ICANN, and Automattic should be permitted to intervene as of right to challenge this allegation. ThermoLife's claim is also contrary to case law and the legislative history of the ACPA. *See, eg. Del Monte Intern. GMBH v. Del Monte Corp.,* 995 F. Supp.2d 1107, 1120-1121 (C.D. Cal., 2014) (citing to legislative history, "'[o]nly these entities that actually offer the challenged name, placed it in a registry, or operate the relevant registry' were intended to be covered by the terms 'domain name registrar, domain name registry, or other domain name authority.'"); *Vizer v. Vizernews.com,* 869 F.Supp.2d 75, 81-83 (D.D.C., 2012) (the term "domain name authority" "covers only entities that perform the functions of the registrar and registry by registering or assigning domain names."); 145 Cong. Rec. S14986-03, 1999 WL 1050353.

In addition, Automattic's relationships with its users could be fundamentally affected. First, a holding that the Blog is a domain name would affect the goodwill and relationships that Automattic has built with its users. *See, eg. Int'l Bus. Machines, Corp. v. Conner Peripherals, Inc.*, No. C-93-20117 RPA/EAI, 1994 WL 706208, at *5 (N.D. Cal. Dec. 13, 1994) (Granting Adaptec's motion to intervene as of right in patent infringement case against Adaptec's customer and stating, "To the extent Adaptec's products are implicated by IBM's infringement claims, Adaptec has a direct interest in the subject matter of the action."); *Select Retrieval LLC v. ABT Electronics,* Case No. 11-C-03752, 2013 WL 6576861, *2 (N.D. Ill., Dec. 13, 2013) ("Here, Adobe has a protectable interest in the issue at stake in this lawsuit; that is, whether its customers, are…infringing."). ThermoLife's complaint directly involves Automattic's product, and Automattic has a significant and protectable interest in defending its product.

Automattic also has a significant interest in protecting the free speech rights of its users. Automattic's business is based on empowering speakers all over the world, and lawsuits that chill free speech affect not only the users, but also Automattic's business. Automattic "strongly believes in freedom of speech. We have a vast audience spread across many cultures, countries, and backgrounds with varying values and our service is designed to let users freely express any ideas and opinions without us censoring or endorsing them." (Morton Declaration, Ex. E.) Here,

7

ThermoLife seeks to silence a critical blog based on the use of its claimed marks. (Complaint, ¶¶ 4, 29-30.) However, the use of trademarks for purposes of criticism does not violate the ACPA. *See Lamparello v. Falwell*, 420 F.3d 309, 320 (4thCir. 2005) (use of domain name "fallwell.com" for website criticizing Jerry Falwell did not violate Lanham Act); *Aviva USA Corp. v. Vazirani*, 902 F. Supp.2d 1246, 1266-67 (D. Az. 2012) (website "insideaviva.com" criticizing Aviva did not violate ACPA); *see also Bosley Med. Inst. Inc. v. Kremer,* 403 F.3d 672, 674 (9th Cir. 2005) (Lanham Act case finding that "[T]he noncommercial use of a trademark as the domain name of a website—the subject of which is consumer commentary about the products and services represented by the mark—does not constitute infringement."). These cases recognize that Congress intended "to balance the property interests of trademark owners with the legitimate interests of Internet users and others who seek to make lawful uses of others' marks, including for purposes such as comparative advertising, comment, criticism, parody, news reporting, fair use, etc." S. Rep. No. 106-140. Given the importance of free speech for Automattic and its users, Automattic has a significant interest in stopping lawsuits against its users that allege cybersquatting and trademark infringement when the sites at issue are protected by the fair use doctrine and the First Amendment. ThermoLife asks the Court to remove a critical blog, but removal of all critical blogs would certainly chill protected speech. Automattic has a significant interest in ensuring that protected speech is protected.

### 3. AUTOMATTIC'S INTERESTS WOULD BE IMPAIRED OR IMPEDED WITHOUT INTERVENTION

Automattic has already demonstrated a substantial interest, and this interest will be impaired if Automattic is not allowed to intervene. *Calif. ex rel. Lockyer v. U.S.,* 450 F.3d 436, 442 (9th Cir. 2006) ("Having found that appellants have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it."). If Automattic is not permitted to intervene, its legal interest in the domain name wordpress.com could be adversely affected. ThermoLife seeks injunctive relief regarding the Blog, and if Automattic is "not made a party to this action, [it] will have no legal means to challenge that injunction while it remains in effect." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir.

1995), *abrogated by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). Furthermore, a finding that Automattic is a "domain name authority" could subject Automattic to additional legal duties and responsibilities under the ACPA and other statutes and contracts. Finally, Automattic has a substantial economic interest in its relationships with its users, and in protecting critical speech. *See Honeywell Int'l v. Audiovox Commc'ns Corp.,* Case No. CIV.A. 04-1337, 1338, 1536, 2005 WL 2465898, *4 (D.Del. May 18, 2005) ("as a manufacturer of the product component which is at the heart of these cases, [the intervenor] has a compelling interest.").

### 4. AUTOMATTIC'S INTERESTS ARE INADEQUATELY REPRESENTED

Automattic's burden in showing inadequate representation is "minimal, and would be satisfied if [it] could demonstrate that representation of [its] interests 'may be' inadequate." *Houston Cas. Company*, 2007 WL 4249906 at *5. "This Court considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003). Here, there is no named defendant—the complaint is brought *in rem* against the Blog. The user, musclebeachkramer, has not been served, nor has he or she appeared, and may never do so, especially since the Arizona Lawsuit is still active and appearing here may expose him or her to service in the Arizona Lawsuit. (Complaint, ¶ 6; Morton Dec., ¶ 7.) Therefore, no party is currently "capable and willing to make [Automattic's] arguments." *Arakaki,* 324 F.3d at 1086. Indeed, if Automattic is not permitted to intervene, ThermoLife will likely seek a default judgment against the Blog and the Court will not be provided with a defense to ThermoLife's claims. Further, even if the user does appear, he or she may not have an interest in ensuring that Automattic is not found to be a "domain name authority" or in protecting Automattic's other users. Finally, the property at the heart of this case is Automattic's service and the wordpress.com domain name, and it is undisputed that Automattic

9

possesses more information about its service than the Blog user.  *See L.G. Elecs. Inc. v. Q-Lity Comp. Inc.,* 211 F.R.D. 360, 365-66 (N.D. Cal. 2002).

### C. IN THE ALTERNATIVE, AUTOMATTIC IS ENTITLED TO PERMISSIVE INTERVENTION

If the Court declines Automattic's application to intervene as of right, Automattic should nonetheless be permitted to permissively intervene pursuant to Rule 24(b) because Automattic's proposed defenses and counterclaim share numerous common questions of law and fact with the Action.  *See Freedom from Religion Found., Inc. v. Geithner,* 644 F.3d 836, 843 (9th Cir. 2011). First, Automattic's defenses and counterclaim center around the same property in dispute and the same statute.  Further, Automattic is the registrant of the domain name wordpress.com that is at the center of this *in rem* Complaint.  Automattic's proposed answer and counterclaim relates to the same property, claims and defenses that should be litigated here regardless of whether Automattic is allowed to intervene.  Finally, Automattic's motion is timely, as discussed in Section IV.(B)(1), *supra.*  Permissive intervention is appropriate, and the Court should therefore exercise its jurisdiction and grant Automattic's motion.

### V. CONCLUSION

Automattic meets the requirements to intervene as of right because it is the registrant of the domain name wordpress.com, it has an interest in protecting its users and its goodwill with its users, and it has an interest in ensuring it is not held to be a "domain name authority."  The case has just started, and no prejudice would accrue to Plaintiff.  Finally, as the Blog user has not appeared, and may never do so, Automattic's interests are inadequately represented.  If the Court determines that Automattic does not meet the requirements to intervene as of right, Automattic has demonstrated that the Court should exercise its discretion and grant permissive intervention.  For the foregoing reasons, Automattic respectfully requests that the Court grant Automattic's motion.

Dated:  April 28, 2015

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By:  /s/ *Melinda M. Morton*
Melinda M. Morton
Attorney for Non-Party
AUTOMATTIC INC.