**PUBLIC CITIZEN LITIGATION GROUP**

1600 20TH STREET, N.W.
WASHINGTON, D.C. 20009-1001

(202) 588-1000

May 5, 2015

Magistrate Judge Howard R. Lloyd
San Jose Courthouse
Courtroom 2 - 5th Floor
280 South 1st Street
San Jose, California 95113

Re: *ThermoLife International LLC v. https://ronkramermusclebeach.wordpress.com*
No. 3:15-cv-01616

Dear Judge Lloyd:

On checking the docket in this case late yesterday, I noticed that on April 30, 2015, plaintiff filed written objections to my suggestion that the Court appoint a guardian ad litem to protect the interest of whoever it is that is exercising their First Amendment right to criticize plaintiff's principal through the "domain names" that the plaintiff is trying to seize through this case. The certificate of service reflects the mistaken assumption of plaintiff's counsel that I would be served because plaintiff's document was filed on ECF.

Plaintiff opposes my suggestion that a guardian ad litem be appointed for three separate reasons, set forth in four numbered sections: that even though the creator of the critical blog cannot be located and served (which is the jurisdictional predicate for an ACPA in rem action), it remains possible that these individuals will appear, thus making the appointment of a guardian ad litem premature (Section I); that appointment of a guardian ad litem is unnecessary, and appointment of me would be inappropriate, because I am said to have misstated some of the cases mentioned in my letter (Sections II and IV);[1] and that an ad litem appointment was needed in *Mick Haig Prods. E.K. v. Doe*, 687 F.3d 649 (5th Cir. 2012), only because plaintiff's counsel engaged in misconduct, unlike this case (Section III).

I respectfully suggest that none of these arguments provide a sound reason for the Court not to appoint a guardian ad litem. Section I is not persuasive because the very reason why plaintiff alleges that the Court should entertain this in rem action is that the registrants of the "domain names" cannot be located. Section III is based on a misunderstanding of the facts in *Mick Haig*: it is true that the plaintiff's counsel engaged in a variety of misconduct, but none of that had come to light at the time Judge Godbey appointed counsel ad litem; it was the presence of a guardian ad litem that brought the misconduct to light. The only reason he articulated at the time was to protect the interest

---

[1] *Bosley Medical Group v. Kremer*, 403 F.3d 672 (9th Cir. 2005); *Lamparello v. Falwell*, 420 F.3d 309 (4th Cir. 2005); *Taubman Co. v. Webfeats*, 319 F.3d 770 (6th Cir. 2003).

 

Honorable Howard R. Lloyd
No. 3:15-cv-01616
May 5, 2015
page 2

of the absent anonymous defendants by ensuring that there would be adversary consideration of the motion for leave to pursue early discovery before service. A copy of the order of appointment accompanies this letter.

Finally, although full discussion of the cases mentioned in my letter will come later, the charge of misrepresenting authority is one to which I want to respond. ThermoLife argues that I cited judicial discussion of the bases for finding trademark infringement even though its only claim in this case is for cybersquatting under the ACPA, a distinction that those courts noted in their opinions. In *Bosley*, *Taubman* and *Lamparello*, plaintiffs pursued both trademark infringement claims under sections 32 and 43(a) of the Lanham Act, and ACPA claims against the individual registrants under section 43(d)(i), which imposes personal liability on a registrant who "with a bad faith intent to profit from the mark . . . registers, traffics in, or uses a domain name . . . that is identical or confusingly similar to that mark." The passages cited in ThermoLife's opposition analyzed the differences between an infringement claim and the registrant's "bad faith intent to profit"; the same was true in the additional Fourth Circuit case that ThermoLife cites in its opposition. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423 (4th Cir. 2011).

Here, however, ThermoLife has not brought an in personam ACPA action, only an in rem proceeding, which under the language of section 43(d)(ii), does **not** turn on "bad faith intent to profit"; rather, plaintiff may proceed against a domain name that "violates any right of the owner of a [registered] mark, or protected under subsection (a) or (c) of this section." Thus, precedent governing trademark infringement claims is relevant here. The differences in the statutory language, and the legal significance of the differences, which plaintiff has ignored, are reasons why appointment of counsel ad litem is important. The complaint apparently recognizes the distinction: paragraph 33 alleges bad faith intent to profit on information and belief, but specifies that the allegation is "not necessary to obtain an in rem order."

Finally, plaintiff complains that, in the course of thinking about a possible article about this issue, I asked for specifics regarding the somewhat vague allegations in the complaint about false statements on the blog. I do agree with plaintiff's contention that whether the contents of the web site are true or false is not strictly relevant to whether there is a sound trademark claim. However, the complaint's allegations that the statements are false and harmful to plaintiff's reputation, in paragraphs 31, 32, and 39, calls into question whether the real concern may be about defamation rather than trademark infringement. *Universal Comm. Sys. v. Lycos, Inc.*, 478 F.3d 413, 423-424 (1st Cir. 2007). The reason I was looking into that issue was that in my experience Automattic, like most hosting platforms, honors defamation judgments against absent defendants even though section 230 of the Communications Decency Act makes them immune from suit to enforce such injunctions. In writing about the case, I was exploring whether plaintiff (or its principal, Mr. Kramer) might have a sound and timely defamation claim over any statements of fact that are provably false, making it unnecessary to distort trademark law to obtain relief.

  Certainly, the fact that Automattic has sought leave to intervene to protect **its** interest in being able to offer the third-level domain of which plaintiff complains, as an extension of the second-level "wordpress" domain that Automattic has registered with a domain name registrar, lessens concern about the Court's having to consider the trademark issues in this litigation ex parte. However, Automattic will mainly be defending its own business interests, and I respectfully suggest that the Court has discretion to appoint a guardian ad litem to protect the interest of the "domain names" and to protect the implicit First Amendment interests of the individuals who reserved those names to criticize Mr. Kramer. I remain willing to accept such an appointment.

Respectfully yours,

Paul Alan Levy
plevy@citizen.org

cc:  Eric B. Hull, Esquire
   Melinda Morton, Esquire

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICK HAIG PRODUCTIONS, E.K., | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:10-CV-1900-N |
| DOES 1-670, | § § | |
| Defendants. | § § | |

### ORDER

This Order addresses in part Plaintiff Mick Haig Productions, E.K.'s, ("Mick Haig") motion for leave to take discovery prior to Rule 26(f) conference (the "Discovery Motion") [2]. The Court finds that the Discovery Motion concerns matters that could materially affect the Defendant Does 1-670's interests. But, because the Defendants' identities have yet to be ascertained, the Does cannot represent their interests before this Court.

Accordingly, the Court appoints the individuals listed in Exhibit A to this Order to serve as attorneys ad litem, without compensation, for the Defendant Does. This appointment will terminate upon disposition of the Discovery Motion. The Court further orders that the attorneys ad litem are admitted to practice before the Court *pro hac vice*. The Defendants shall file their response to the Discovery Motion no later than November 24, 2010.

ORDER – PAGE 1

Signed October 25, 2010.

_____
David C. Godbey
United States District Judge

## Exhibit A

Cindy Cohn
Electronic Frontier Foundation
454 Shotwell St.
San Francisco, CA 94110
T: (415) 436-9333
F: (415) 436-9993
cindy@eff.org

Matt Zimmerman
Electronic Frontier Foundation
454 Shotwell St.
San Francisco, CA 94110
T: (415) 436-9333
F: (415) 436-9993
mattz@eff.org

Paul Alan Levy
Public Citizen Litigation Group
1600 – 20th St., N.W.
Washington, D.C. 20009
T: (202) 588-1000
F: (202) 588-7795
plevy@citizen.org