United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERMOLIFE INTERNATIONAL LLC, an Arizona limited liability company, | Case No.  5:15-cv-01616-HRL |
| Plaintiff, | |
| v. | **ORDER (1) DENYING AUTOMATTIC, INC.'S MOTION TO INTERVENE AS OF RIGHT; (2) GRANTING AUTOMATTIC, INC.'S MOTION FOR PERMISSIVE INTERVENTION; AND (3) DENYING PAUL ALAN LEVY'S REQUEST FOR APPOINTMENT AS GUARDIAN AD LITEM** |
| https://ronkramermusclebeach.wordpress.com/, an Internet domain name; https://ronkramermusclebeach.wordpress.com/author/musclebeachkramer/, an Internet domain name, | |
| Defendants. | Re: Dkt. Nos. 6, 7 |

Plaintiff ThermoLife International LLC (ThermoLife) filed this action in rem, asserting a sole claim for relief under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).  ThermoLife seeks the transfer or cancellation of the registration for "ronkramermusclebeach.wordpress.com" and "ronkramermusclebeach.wordpress.com/author/musclebeachkramer".  These are internet blogs hosted by WordPress.com, which is owned and operated by Automattic, Inc. (Automattic).

ThermoLife is an Arizona company that sells dietary supplements.  It says that it owns federally registered "Muscle Beach" marks in connection with athletic clothing, business consultation services, and health club services.  Plaintiff says it also has pending trademark applications for "Muscle Beach" in connection with dietary supplements and entertainment

United States District Court
Northern District of California

services.  Ron Kramer is ThermoLife's founder, President, and Chief Executive Officer. According to the complaint, he is widely known in the dietary supplement industry and is recognized as being affiliated with ThermoLife and the names by which it does business, such as "Muscle Beach."

The subject blogs contain unflattering information and comments about ThermoLife and Kramer.  Plaintiff alleges that the blogs are registered and authored by someone being paid by dietary supplement companies to promote dietary supplement products and to disparage the Muscle Beach name and products with false and defamatory information.

ThermoLife says that before filing the present lawsuit, it tried to ascertain the identity of the author, user, or licensee of the blogs by filing a civil action in Arizona state court against a fictional John Doe defendant.  In that action, ThermoLife served Automattic with a subpoena for documents identifying the blogs' author, user, or licensee.  Automattic responded that it had only a single email address:  becausescience@anonymousspeech.com.  This is because an email address is the only personal information WordPress.com requires its users to provide when establishing accounts.  (Dkt. 1, Complaint ¶ 26; Dkt. 7-1 at 9, Proposed Answer and Counterclaim in Intervention, ¶ 26).  ThermoLife says it was unable to identify the blogs' author, user, or licensee from the email address provided by Automattic.

Plaintiff then served Automattic (via Automattic's counsel) with notice of its intent to file the instant lawsuit, and a dispute erupted between the two companies as to the propriety of this proceeding.  There is no question that "ronkramermusclebeach" is a third level domain (also known as a subdomain), appearing to the immediate left of the second level domain ".wordpress" and two places to the left of the top level domain ".com".[1]  Automattic, however, contends that third level domains are not "domain names" covered by the ACPA and that the named defendants do not violate that statute.  Relatedly, Automattic takes issue with plaintiff's allegations that Automattic is a "domain name registration authority" under the ACPA with respect to the named

---

[1] It is undisputed that WordPress.com customers' domains generally are comprised of a unique, user-chosen phrase, followed by ".wordpress.com."  (For an additional fee, users may have a domain that does not include ".wordpress.com".)  (Complaint ¶ 24; Dkt. 7-1 at 9, Proposed Answer and Counterclaim in Intervention, ¶ 24).

United States District Court
Northern District of California

1    defendants.

2         Claiming that it has significant protectable interests in the subject matter of this suit,

3    Automattic moves to intervene as of right pursuant to Fed. R. Civ. P. 24(a).  Alternatively, it seeks

4    permissive intervention under Fed. R. Civ. P. 24(b).  If allowed to intervene as a defendant and

5    counterclaimant, Automattic intends to answer the complaint and to assert a sole counterclaim for

6    declaratory relief that the named defendants do not violate the ACPA.  (Dkt. 7-1, Morton Decl.,

7    Ex. A (Proposed Answer and Counterclaim in Intervention)).  ThermoLife opposes the motion.

8         At around the same time that Automattic filed its motion to intervene, Mr. Paul Alan Levy

9    of the Public Citizen Litigation Group in Washington, D.C. wrote a letter to the court offering to

10   serve as guardian ad litem of the named defendants.  Mr. Levy, too, expresses concern that it is not

11   clear whether third level domains are "domain names" within the meaning of the ACPA and

12   whether they can form the basis for liability under that statute.  ThermoLife opposes Mr. Levy's

13   request.

14        The court sees no need for a hearing on Mr. Levy's request, and Automattic's motion to

15   intervene previously was deemed submitted on the papers without oral argument.  Civ. L.R. 7-

16   1(b).  Upon consideration of the moving and responding papers, the court denies Automattic's

17   motion for intervention as of right, but grants Automattic's alternate motion for permissive

18   intervention.  Mr. Levy's request for appointment guardian ad litem is denied.[2]

## DISCUSSION

## I.    AUTOMATTIC'S MOTION TO INTERVENE

### A.    Intervention as of Right

Intervention as of right is governed by Fed. R. Civ. P. 24(a), which provides:

On timely motion, the court must permit anyone to intervene who:

---

[2] Also pending before the court is plaintiff's motion for leave to use alternate service of process.  ThermoLife and Automattic currently are the only ones before the court, and both have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Unserved defendants are not deemed to be "parties" to an action within the rules requiring consent to magistrate judge jurisdiction.  Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995); see also Merino v. Saxon Mortgage, Inc., No. C10-05584, 2011 WL 794988 at *1, n. 1 (N.D.Cal., Mar. 1, 2011) (Laporte, J.).

United States District Court
Northern District of California

(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Automattic does not identify any federal statute conferring an unconditional right to intervene. Thus, in order to intervene as of right, Automattic must meet four requirements: (1) Automattic must timely move to intervene; (2) Automattic must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) Automattic must be situated such that the disposition of the action may impair or impede its ability to protect that interest; and (4) Automattic's interest must not be adequately represented by existing parties. Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). Automattic bears the burden of showing that all of these requirements are satisfied. United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004). "Failure to satisfy any one of the requirements is fatal to the application, and a court need not reach the remaining elements if one of the elements is not satisfied." Drakes Bay Oyster Co. v. Salazar, No. 12-cv-06134 YGR, 2013 WL 451813 at *3 (N.D. Cal., Feb. 4, 2013) (citing Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950 (9th Cir.2009)).

"Rule 24 traditionally receives liberal construction in favor of applicants for intervention." Arakaki, 324 F.3d at 1083 (citing Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir.1998)). "Courts are guided primarily by practical and equitable considerations." Id. In deciding a motion to intervene, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 819 (9th Cir. 2001).

Automattic's motion is timely, and ThermoLife does not argue otherwise.[3] This court is unpersuaded, however, that Automattic has a significant protectable interest related to the subject matter of the litigation. Thus, the court does not reach the remaining requirements for intervention

---

[3] Automattic filed its motion only a few weeks after the complaint was filed and months before the scheduled Initial Case Management Conference.

1  as of right.

2  "The requirement of a significantly protectable interest is generally satisfied when 'the

3  interest is protectable under some law, and that there is a relationship between the legally

4  protected interest and the claims at issue.'" Arakaki, 324 F.3d at 1084 (quoting Sierra Club v.

5  EPA, 995 F.2d 1478, 1484 (9th Cir.1993)). "The applicant must satisfy each element." Id. "An

6  applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's

7  claims actually will affect the applicant." Id. (quotations and citation omitted). "The 'interest' test

8  is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be

9  established." In re Estate of Ferdinand E. Marcos Human Rights Litig., 536 F.3d 980, 985 (9th

10  Cir. 2008) (quoting S. Cal. Edison Co. v. Lynch, 307 F.3d 794, 803 (9th Cir. 2002)). "Instead, the

11  'interest' test directs courts to make a practical, threshold inquiry, and is primarily a practical

12  guide to disposing of lawsuits by involving as many apparently concerned persons as is

13  compatible with efficiency and due process." Id. (quoting S. Cal. Edison Co., 307 F.3d at 803).

14  Automattic says that as the owner and registrant of the domain name "wordpress.com," it

15  has a significantly protectable interest in the property that is the subject of this lawsuit.  Arguing

16  that "wordpress.com" is the only registered domain name at issue, Automattic submits a copy of

17  an ICANN[4] WHOIS report showing that registration information could only be found for

18  "www.wordpress.com" and not for "www.ronkramermusclebeach.wordpress.com."  (Dkt. 7-1,

19  Morton Decl., Ex. B).  Automattic further argues that ownership of a domain name is a recognized

20  and valid property right.

21  Be that as it may, it is not with "wordpress.com" that ThermoLife takes issue.  ThermoLife

22  argues, persuasively, that "ronkramermusclebeach.wordpress.com" is the only property at issue.

23  Plaintiff points out that, as a practical matter, entering "wordpress.com" into a web browser takes

24  one to a completely different site than "ronkramermusclebeach.wordpress.com."  Moreover,

---

[4] The Internet Corporation for Assigned Names and Numbers, "a non-profit oversight body that coordinates the DNS [domain name system] on behalf of the United States Department of Commerce." Coalition for ICANN Transparency, Inc. v. VeriSign, Inc., 611 F.3d 495, 499 (9th Cir. 2009).

United States District Court
Northern District of California

1   Automattic has not convincingly demonstrated that resolution of ThermoLife's claim would affect

2   Automattic's property interest in "wordpress.com," which appears in the addresses of any number

3   of Automattic's customers.

4         Automattic nevertheless claims a significant protectable interest in its customers' First

5   Amendment rights, including the user/author of the subject blogs.  It argues that its business good

6   will and its relationship with all of its customers will be damaged if the request to intervene is

7   denied.  This, too, fails to convince.  There is a First Amendment flavor to this case; and, even

8   ThermoLife acknowledges that there are First Amendment implications here (albeit, plaintiff says

9   they are tangential).  Ultimately, however, this is not a First Amendment case.  This is an ACPA

10  lawsuit, and the sole claim for relief concerns whether plaintiff is entitled to have the registration

11  for defendants transferred, or alternatively, canceled.  15 U.S.C. § 1125(d)(2)(D)(i) (limiting

12  remedies in an in rem action "to a court order for the forfeiture or cancellation of the domain name

13  or the transfer of the domain name to the owner of the mark.").

14        Automattic is not aided by its reliance on Select Retrieval, LLC v. ABT Elecs., No.

15  11C03752, 2013 WL 6576861 (N.D. Ill., Dec. 13, 2013) or Int'l Bus. Machines Corp. v. Conner

16  Peripherals, Inc., No. C-93-20117 RPA (EAI), 1994 WL 706208 (N.D. Cal., Dec. 13, 1994).  In

17  both cases, non-parties were permitted to intervene as of right in actions accusing their customers

18  of patent infringement.  But, unlike Automattic, both intervenors were found to have a significant

19  protectable interest in the litigation because they each had agreements to indemnify their

20  customers.  Thus, in Select Retrieval, the intervenor was found to have a direct financial stake in

21  the litigation, as well as a binding legal obligation to its customers with respect to the subject

22  patent.  2013 WL 6576861 at *2.  And, the court in Conner Peripherals concluded that the

23  plaintiff's claims against the customer essentially were claims against the intervenor.  1994 WL

24  706208 at *5.  Automattic points to nothing of the kind here.

25        Finally, Automattic argues that it is entitled to intervene as of right to challenge plaintiff's

26  allegations that Automattic is a "domain name authority" under the ACPA with respect to the

27  named defendants.  Automattic argues that if it is not allowed to intervene, then it will lose the

28  ability to challenge any injunction that might be imposed and suggests that its legal relationships

with users and with governing bodies of the internet, such as ICANN, would somehow change. To be sure, Automattic contends that it is not a "domain name authority" under the ACPA. (Dkt. 7-1 at 12, Morton Decl., Ex. A, Proposed Counterclaim in Intervention, ¶ 8). But that contention appears to be ancillary to its purpose in seeking intervention, i.e., to obtain a judicial declaration that the named defendants do not violate the ACPA. (Id.).

In sum, Automattic has not shown that it has a significantly protectable interest related to the subject matter of the litigation, and its motion for intervention as of right is denied.

### B.   Permissive Intervention

Nevertheless, for the reasons stated below, the court finds that Automattic satisfies the requirements for permissive intervention and, in the exercise of its discretion, grants Automattic's alternate motion for the same.

"On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).[5] ThermoLife argues that permissive intervention should be denied because Automattic does not have a protectable interest. Unlike intervention as of right, however, the requirement of a legally protectable interest does not apply to permissive intervention. Employee Staffing Services, Inc. v. Aubry, 20 F.3d 1038, 1042 (9th Cir. 1994) (citing S.E.C. v. United States Realty & Improvement Co., 310 U.S. 434, 459, 60 S. Ct. 1044, 1054, 84 L.Ed. 1293 (1940)). All that permissive intervention requires is "'(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" Freedom from Religion Foundation, Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011) (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir.1992)). Even when the criteria for permissive intervention are satisfied, the court has broad discretion to grant or deny intervention. Drakes Bay Oyster Co., 2013 WL 451813 at *8 (citing In re Benny, 791 F.2d 712, 721-22 (9th Cir. 1986)). "In exercising its discretion the court must consider whether the

_____

[5] Permissive intervention may also be granted where an applicant is given a conditional right to intervene by a federal statute. Fed. R. Civ. P. 24(b)(1)(A). Automattic has identified no such statute.

United States District Court
Northern District of California

1    intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.

2    R. Civ. P. 24(b)(3).

3         As discussed, Automattic's motion is timely.

4         The jurisdictional requirement is also satisfied.  Although Automattic intends to assert a

5    counterclaim for declaratory relief, that proposed counterclaim is based on the ACPA, the very

6    same federal statute at issue in plaintiff's complaint.  ThermoLife contends that there is no basis

7    for Automattic's would-be declaratory relief claim, arguing that Automattic merely seeks an

8    advisory opinion that all third-level domains are not covered by the ACPA.  Plaintiff contends that

9    Automattic's proposed counterclaim therefore will expand this litigation to matters beyond which

10   there is an actual case or controversy.  The specific declaration sought by Automattic, however, is

11   that the named defendants do not violate the ACPA.  (Dkt. 7-1 at 12, Morton Decl., Ex. A,

12   Proposed Counterclaim in Intervention ¶ 10).  That is a matter that plaintiff squarely placed at

13   issue in its complaint, alleging that jurisdiction is proper here because the named defendants are

14   not immune from the ACPA's reach and because Automattic acted as a "domain name authority."

15   (Dkt. 1, Complaint ¶¶ 8-10).  For these same reasons, the court finds that Automattic's proposed

16   counterclaim and defenses concern a common question of law and fact with the main action.

17        ThermoLife contends that permitting intervention will needlessly expand this litigation.  It

18   may be that resolving this matter will not be as straightforward as it otherwise might be.  But, any

19   additional time required to adjudicate this matter will not be undue.  Nor does the court find that

20   the rights of other parties will be prejudiced.  Automattic has raised what appears to be a

21   fundamental issue whether ThermoLife has an actionable claim under the ACPA with respect to

22   the named defendants.  Whether Automattic is right or wrong on that point remains to be seen.

23   The court, however, would be aided in resolving such matters through a full and fair adversarial

24   process, rather than through ex parte proceedings.  And, the court anticipates that Automattic's

25   presence in this lawsuit will contribute to the just and equitable resolution of the issues.

26        Automattic's motion for permissive intervention therefore is granted.

27

28

United States District Court
Northern District of California

8

## II.   MR. LEVY'S REQUEST FOR APPOINTMENT AS GUARDIAN AD LITEM

As discussed, Mr. Levy has volunteered to serve as guardian ad litem for the named defendants.  Mr. Levy having pointed to no clear authority for the appointment of a guardian ad litem for the res in an in rem action, this court declines his offer.  Nevertheless, the court will give him leave to request permission to file an amicus brief on specific issues in this litigation, as they arise and as may be appropriate.  Any such request must identify the specific topics that Mr. Levy seeks to address and should be brought to the court's attention as promptly as possible.

## ORDER

Based on the foregoing, Automattic's motion for intervention as of right is denied, but its alternate motion for permissive intervention as a defendant and counterclaimant is granted. Automattic shall forthwith e-file its proposed Answer and Counterclaim in Intervention.

Mr. Levy's request for appointment as guardian ad litem for defendants is denied.  He may, however, seek leave to file an amicus brief as issues arise and as may be appropriate.

SO ORDERED.

Dated:  June 18, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:15-cv-01616-HRL Notice has been electronically mailed to:

Eric Blair Hull      ebh@kflawaz.com, bjb@kflawaz.com, kld@kflawaz.com

Gregory Blain Collins      gbc@kflawaz.com

Melinda Mae Morton      mindy.morton@procopio.com, calendaring@procopio.com, gail.poulos@procopio.com


5:15-cv-01616-HRL Courtesy copy of this document sent by U.S. Mail to:

Paul Alan Levy
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, D.C. 20009-1001