UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERMOLIFE INTERNATIONAL LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>https://ronkramermusclebeach.wordpress.com/, an Internet domain name;<br>https://ronkramermusclebeach.wordpress.com/author/musclebeachkramer/, an Internet domain name,<br><br>    Defendants. | Case No. 5:15-cv-01616-HRL<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ALTERNATE SERVICE**<br><br>Re: Dkt. No. 4 |

    Plaintiff ThermoLife International LLC (ThermoLife) filed this action in rem, asserting a sole claim for relief under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d). ThermoLife seeks the transfer or cancellation of the registration for "ronkramermusclebeach.wordpress.com" and "ronkramermusclebeach.wordpress.com/author/musclebeachkramer". These are internet blogs hosted by WordPress.com, which is owned and operated by Automattic, Inc. (Automattic).

    ThermoLife is an Arizona company that sells dietary supplements. It says that it owns federally registered marks for "Muscle Beach" in connection with athletic clothing, business consultation services, and health club services. Plaintiff says it also has pending trademark applications for "Muscle Beach" in connection with dietary supplements and entertainment

services. Ron Kramer is ThermoLife's founder, President, and Chief Executive Officer. According to the complaint, he is widely known in the dietary supplement industry and is recognized as being affiliated with ThermoLife and the names by which it does business, such as "Muscle Beach."

The subject blogs contain unflattering information and comments, all uploaded on April 23, 2014, about ThermoLife and Kramer. Plaintiff alleges that the blogs are registered and authored by someone being paid by dietary supplement companies to promote dietary supplement products and to disparage the Muscle Beach name and products with false and defamatory information. ThermoLife says that there is no indication that the blogs currently are active because no additional posts were made after the April 23 entries. (Hull Decl. ¶ 4).

ThermoLife moves for use of alternate service of process and a deadline by which defendants must respond. Plaintiff also moves for an order waiving service by publication.

Upon consideration of the moving papers, this court grants in part and denies in part plaintiff's motion.

Under the ACPA, service of process in an in rem proceeding requires a court finding that the owner of a mark, despite due diligence, is unable to find a person who would have been a defendant.[1] The owner satisfies due diligence by doing two things: (1) "sending a notice of the alleged violation and intent to proceed [with an in rem action] to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar"; and (2) "publishing notice of the action as the court may direct promptly after filing the action." 15 U.S.C. § 1125(d)(2)(A)(II)(aa)-(bb). These actions constitute service of process. Id. § 1125(d)(2)(B).

According to ThermoLife, the subject blogs contain no names or other identifying information. (Hull Decl. ¶ 3). So, before filing the present lawsuit, plaintiff says it tried to ascertain the identity of the blogs' author, user, or licensee by filing a civil action in Arizona state court in September 2014 against a fictional John Doe defendant. In that action, ThermoLife

---

[1] Service may also be effected where the court finds that the owner is not able to obtain in personam jurisdiction over a person who would have been a defendant. 15 U.S.C. § 1125(d)(2)(A)(ii)(I). This does not apply here because, as will be discussed, ThermoLife has not been able to ascertain the identity of any would-be defendant.

2

served Automattic with a subpoena for documents identifying the blogs' author, user, or licensee. Automattic responded that it had only a single email address: becausescience@anonymousspeech.com. (Hull Decl. ¶ 6). Plaintiff says this is because an email address is the only personal information WordPress.com requires its users to provide when establishing accounts. (Dkt. 1, Complaint ¶ 26).

ThermoLife says it was unable to identify the blogger based on the email address provided by Automattic because Anonymousspeech.com, the email provider, does not respond to any inquiries about subscribers' emails and ignores queries about subscribers' identities. According to ThermoLife, the front page of Anonymousspeech.com's website states:

> The most important consideration for the majority of our clientele when sending anonymous secure email is his or her personal anonymity. While other web-based email services will reveal your identity without reservation to an interested private party with money, ***AnonymousSpeech.com will not respond to inquiries made by foreign governments or private parties regarding the emails sent by its subscribers. Any inquiries regarding the identity of our subscribers are ignored. We do not respond to any of them.*** Our servers are constantly moving in different countries (Malaysia, Japan, Panama, etc.) and are always outside the US and Europe. This is a great security advantage for our customers since it makes it more troublesome if not impossible for any prosecutors to start a legal dispute.

(Hull Decl. ¶ 7, Ex. 1) (emphasis added).

There being no postal address information for the subject blogger, plaintiff says that it sent notice of this lawsuit to the only points of contact it has managed to find: On March 10, 2015, it provided pre-litigation notice by email and postal mail to Automattic (via Automattic's counsel). On April 14, about a week after the complaint was filed, ThermoLife sent notice of this suit to the becausescience@anonymousspeech.com email address provided by Automattic. And, plaintiff also posted notice of the complaint in the comment section of the subject blogs themselves. (Hull Decl. ¶¶ 8-9).[2]

---

[2] Plaintiff's counsel says that notice of discovery in the Arizona action also was uploaded on the blogs' comment section and that the site claimed that the comment needed to be "moderated." Counsel says that the notice appears on his computer, but does not appear when he accesses the blogs from other IP addresses. There is, however, no indication that this also happened with the notice of the instant lawsuit uploaded to the blogs' comment section.

Plaintiff now seeks a court order finding these efforts at service to be sufficient.

With respect to the first due diligence requirement, plaintiff did send notice to the registrant's email address. Although the ACPA also requires notice to be sent to the registrant's postal address, ThermoLife has established that no such address was provided to Automattic. And, there is no indication that plaintiff has managed to find a postal address for anyone other than Automattic. This appears to be by design, as plaintiff's motion and supporting papers indicate that the registrant has taken steps to maintain anonymity. Under these circumstances, the court finds that plaintiff has satisfied this first prong of due diligence. Cf. Guo v. 8bo.com, No. 13-cv-05299 NC, 2014 WL 2581315 at *2 (N.D. Cal., June 6, 2014) (declining to waive the postal mailing requirement, even though service by postal mail was likely to be ineffective, where the plaintiff had a postal address, provided by the registrant, for an intermediate registrar).

As for the second due diligence requirement, plaintiff "alternatively" moves to waive the publication requirement, arguing that publication is entirely discretionary. Courts, however, disagree whether publication is mandatory, or whether the statutory language requiring publication "as the court *may* direct" gives courts discretion to waive the requirement. 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) (emphasis added). Compare Banco Inverlat, S.A. v. www.inverlat.com, 112 F. Supp.2d 521, 523 (E.D. Va. 2000) (concluding that "[t]he presence of the word 'may' in § (bb) is properly read to mean that the publication requirement is within a court's discretion, meaning that a court may or may not direct notice by publication, depending on the circumstances.") with Shri Ram Mission v. Sahajmarg.org, 139 F. Supp.2d 721, 724 (E.D. Va. 2001) (concluding that the word "and" between § (aa) and § (bb) means that publication is mandatory and that "[t]he discretion afforded by the statute to a district court is merely over the manner in which notice may be published (e.g., where notice is published, how often, etc.)"). It appears, however, that even when courts have waived the publication requirement, they did so only where there was evidence that the registrant had actual notice of the litigation. See, e.g., Banco Inverlat, 112 F. Supp.2d at 523 (waiving the publication requirement where postal and computer confirmation reports showed that the registrants received notice by postal mail and opened plaintiff's email notice); Con-Way, Inc. v. CONWAYRACING.COM, No. 08-4263 SC,

2009 WL 2252128 (N.D. Cal., July 28, 2009) (waiving the publication requirement where the registrant responded to plaintiff's notice by offering to sell the subject domain name).

In the present case, there is no indication that the registrant has received actual notice of this suit. Thus, even assuming the publication requirement could be waived, this court would not do so. Nevertheless, the court does have discretion as to the manner in which publication is to be accomplished. Shri Ram Mission, 139 F. Supp.2d at 724. On this record, it is impossible to know where the registrant is located, and it is anyone's guess whether the registrant is located in this district, in this state, or even in this country. As discussed, this appears to be largely due to the registrant's efforts to maintain anonymity. Under these circumstances, the court finds that the best means of publication is via the internet to the subject blogs themselves, an action plaintiff says it performed months ago.

The court will also require ThermoLife to complete additional online publication as follows: Plaintiff shall forthwith (1) send notice of this order to the becausescience@anonymousspeech.com email address; (2) post notice of this order to the subject blogs, and (3) file a proof of service with the court.

As an added precaution, and although the court cannot be certain how effective it would be, plaintiff will also be required to publish notice of this lawsuit in a U.S. national distribution newspaper. Plaintiff shall, within 14 days from the date of this order, submit to the court a proposed order setting forth a procedure for publication, including proposals for a suitable newspaper, length of publication, proposed language for the notice itself, and minimum size requirements for the notice to be published.

Service of process will be deemed complete only after the additional court-ordered online publication requirements are accomplished (as evidenced by the proof of service to be filed with the court) and upon the last day of publication of notice in the national distribution newspaper.

1   Any response to the complaint must be filed with the court no later than 21 days thereafter.

2       SO ORDERED.

3   Dated:  June 18, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:15-cv-01616-HRL Notice has been electronically mailed to:

Eric Blair Hull     ebh@kflawaz.com, bjb@kflawaz.com, kld@kflawaz.com

Gregory Blain Collins     gbc@kflawaz.com

Melinda Mae Morton     mindy.morton@procopio.com, calendaring@procopio.com, gail.poulos@procopio.com